GARY M. RESTAINO
United States Attorney
District of Arizona
MICHAEL R. LIZANO
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: michael.perez-lizano@usdoj.gov
Attorneys for Plaintiff

FILED

2022 NOV 10  PM 5: 10

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

Under Seal

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>1. Alberto Gabriel Aranda-Ramon,<br>   (Counts 1, 7, 9, 13, 15-16),<br><br>2. Amanda Rachelle Miller,<br>   (Counts 1-14, 17-19),<br><br>3. Michele Oller,<br>   (Counts 1-7, 9-11, 15-16),<br><br>4. Larry William Nelson, Jr.,<br>   (Counts 1-2),<br><br>5. Ashley Yvonne Maxwell,<br>   (Counts 1, 8),<br><br>6. William Doyal Chesmore,<br>   (Counts 1, 8),<br><br>7. Leah Jean Holmes,<br>   (Counts 1, 12-13),<br><br>8. Jillian Malamalama Ke Anuenue Neal,<br>   (Counts 1, 13),<br><br>9. Joel Anthony McDonald,<br>   (Counts 1, 14),<br><br>10. Alexander Anthony Ruiz,<br>   (Counts 1, 17-19),<br><br>Defendants. | **CR22-02454 TUC-RCC(MSA)**<br><br>**I N D I C T M E N T**<br><br>Violations:<br><br>21 U.S.C. § 846<br>(Conspiracy to Distribute Fentanyl and Methamphetamine)<br>Count 1<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 18 U.S.C. § 2<br>(Possession with Intent to Distribute Fentanyl, Aiding and Abetting)<br>Count 2<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), 18 U.S.C. § 2<br>(Possession with Intent to Distribute Fentanyl, Aiding and Abetting)<br>Counts 3, 4, 6, 14<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), 18 U.S.C. § 2<br>(Possession with Intent to Distribute Methamphetamine, Aiding and Abetting)<br>Counts 5, 8, 15, 16<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi), 18 U.S.C. § 2<br>(Possession with Intent to Distribute Fentanyl, Aiding and Abetting)<br>Counts 7, 9, 10, 11, 12, 13<br><br>/ / /<br><br>/ / / |

18 U.S.C. § 1956(h)
(Conspiracy to Launder Monetary
Instruments)
Count 17

18 U.S.C. § 1956(a)(1)(B)(i), 18
U.S.C. § 2
(Money Laundering, Aiding and
Abetting)
Counts 18, 19

18 U.S.C. § 982; 21 U.S.C. § 853
Forfeiture Allegation

**THE GRAND JURY CHARGES:**

## COUNT 1

Beginning on or about September 21, 2021, to on or about November 10, 2022, in the District of Arizona and elsewhere, ALBERTO GABRIEL ARANDA-RAMON, AMANDA RACHELLE MILLER, MICHELE OLLER, LARRY WILLIAM NELSON, JR., ASHLEY YVONNE MAXWELL, WILLIAM DOYAL CHESMORE, LEAH JEAN HOLMES, JILLIAN MALAMALAMA KE ANUENUE NEAL, JOEL ANTHONY MCDONALD, and ALEXANDER ANTHONY RUIZ did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the Grand Jury to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi); and 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about September 28, 2021, in the District of Arizona, AMANDA RACHELLE MILLER, MICHELE OLLER, and LARRY WILLIAM NELSON, JR. did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 3

On or about September 30, 2021, in the District of Arizona, AMANDA RACHELLE MILLER and MICHELE OLLER did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 4

On or about October 13, 2021, in the District of Arizona, AMANDA RACHELLE MILLER and MICHELE OLLER did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 5

On or about October 21, 2021, in the District of Arizona, AMANDA RACHELLE MILLER and MICHELE OLLER did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

/ / /

## COUNT 6

On or about October 21, 2021, in the District of Arizona, AMANDA RACHELLE MILLER and MICHELE OLLER did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 7

On or about October 28, 2021, in the District of Arizona, ALBERTO GABRIEL ARANDA-RAMON, AMANDA RACHELLE MILLER, and MICHELE OLLER did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 8

On or about November 3, 2021, in the District of Arizona, AMANDA RACHELLE MILLER, ASHLEY YVONNE MAXWELL, and WILLIAM DOYAL CHESMORE did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 9

On or about November 22, 2021, in the District of Arizona, ALBERTO GABRIEL ARANDA-RAMON, AMANDA RACHELLE MILLER, and MICHELE OLLER did

*United States of America v. Aranda-Ramon, et al.*
*Indictment Page 4 of 10*

knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946)

## COUNT 10

On or about December 16, 2021, in the District of Arizona, AMANDA RACHELLE MILLER and MICHELE OLLER did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 11

On or about February 17, 2022, in the District of Arizona, AMANDA RACHELLE MILLER and MICHELE OLLER did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 12

On or about April 28, 2022, in the District of Arizona, AMANDA RACHELLE MILLER and LEAH JEAN HOLMES did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections

841(a)(1) and 841(b)(1)(A)(vi); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

### COUNT 13

On or about June 9, 2022, in the District of Arizona, ALBERTO GABRIEL ARANDA-RAMON, AMANDA RACHELLE MILLER, JILLIAN MALAMALAMA KE ANUENUE NEAL, and LEAH JEAN HOLMES did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

### COUNT 14

On or about June 22, 2022, in the District of Arizona, AMANDA RACHELLE MILLER and JOEL ANTHONY MCDONALD did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

### COUNT 15

On or about August 24, 2022, in the District of Arizona, ALBERTO GABRIEL ARANDA-RAMON and MICHELE OLLER did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 16

On or about September 7, 2022, in the District of Arizona, ALBERTO GABRIEL ARANDA-RAMON and MICHELE OLLER did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and did aid, abet, counsel, command, induce, procure, and cause the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 17

Beginning at a time unknown, to on or about November 10, 2022, in the District of Arizona and elsewhere, AMANDA RACHELLE MILLER and ALEXANDER ANTHONY RUIZ did knowingly and intentionally combine, conspire, confederate, and agree together and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), with the intent to promote the carrying on of said specified unlawful activity; and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and, while conducting and attempting to conduct said financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i); and

///

*United States of America v. Aranda-Ramon, et al.*
*Indictment Page 7 of 10*

to knowingly transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); and knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and further knowing that said transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 1956(a)(2)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 18

On or about June 7, 2022, in the District of Arizona and elsewhere, AMANDA RACHELLE MILLER and ALEXANDER ANTHONY RUIZ knowingly conducted, and aided, abetted, counseled, commanded, induced, and procured, a financial transaction affecting interstate commerce and foreign commerce, that is, a wire transfer of $7,000 in United States currency from Wells Fargo bank account number xx-3720 to J.P. Morgan Chase bank account number xx-2356, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 19

On or about June 8, 2022, in the District of Arizona, AMANDA RACHELLE MILLER and ALEXANDER ANTHONY RUIZ knowingly conducted, and aided, abetted,

counseled, commanded, induced, and procured, a financial transaction affecting interstate commerce and foreign commerce, that is, the withdrawal of $6,800 in United States currency from J.P. Morgan Chase bank account number xx-2356 and delivery of the same to ALEXANDER ANTHONY RUIZ, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Counts 1 through 16 of this Indictment, defendants ALBERTO GABRIEL ARANDA-RAMON, AMANDA RACHELLE MILLER, MICHELE OLLER, LARRY WILLIAM NELSON, JR., ASHLEY YVONNE MAXWELL, WILLIAM DOYAL CHESMORE, LEAH JEAN HOLMES, JILLIAN MALAMALAMA KE ANUENUE NEAL, JOEL ANTHONY MCDONALD, and ALEXANDER ANTHONY RUIZ shall forfeit to the United States pursuant to Title 21, United States Code, Section 853:

(a)    All right, title, and interest in (1) any property, real or personal, constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the said violations, and (2) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of the said violations; and

(b)    A sum of money equal to the amount of proceeds obtained as a result of the offenses.

Upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as alleged in Counts 17 through 19 of this Indictment, defendants AMANDA

*United States of America v. Aranda-Ramon, et al.*
*Indictment Page 9 of 10*

RACHELLE MILLER and ALEXANDER ANTHONY RUIZ shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), all right, title, and interest in any property, real or personal, involved in such offense, or property traceable to such property.

If any of the forfeitable property, as a result of any act or omission of the defendants: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by the defendants.

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

*/s/*

FOREPERSON OF THE GRAND JURY
Date: November 10, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

REDACTED FOR
PUBLIC DISCLOSURE

*/s/*

MICHAEL R. LIZANO
Assistant U.S. Attorney

*United States of America v. Aranda-Ramon, et al.*
*Indictment Page 10 of 10*